**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NORMANDY APARTMENTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-07-1161-R |
| | ) | |
| U.S. DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's motion for a preliminary injunction [Doc. #6] filed October 18, 2007. Pursuant to plaintiff's motion to expedite hearing on this motion [Doc. #7], the Court set this case for an evidentiary hearing before United States District Judge Joe Heaton on October 20, 2007, and ordered that defendants file their brief in response to plaintiff's motion on or before October 28, 2007. [Doc. #11]. Defendants filed their response brief on October 29, 2007, [Doc. #12] and plaintiff filed a reply brief on October 30, 2007, [Doc. #13]. On October 30, 2007, the undersigned heard oral argument directed to the jurisdictional issue raised by defendants in their response to plaintiff's motion. Reserving decision on the jurisdictional issue, the court heard testimony and accepted documentary evidence on the merits of the motion for a preliminary injunction. The court now addresses the question raised by defendants as to whether this court has jurisdiction to entertain this action or whether jurisdiction lies exclusively in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491, and whether plaintiff is entitled to a preliminary injunction against defendants.

## Jurisdiction

Plaintiff in its Complaint seeks injunctive and declaratory relief against defendants. Specifically, plaintiff asserts in Count I of its Complaint a claim against the U.S. Department of Housing and Urban Development (HUD) for violation of HUD regulations governing and relating to the Housing Assistance Payments Contract (HAP Contract) plaintiff entered into with HUD, by failing to conduct inspections, send proper notices, allow the opportunity to correct deficiencies, failing to consider plaintiff's timely request for an adjustment of its REAC physical condition score, and notifying plaintiff that it was terminating the Section 8 rent assistance payments as of November 1, 2007 due under the HAP Contract. Plaintiff alleges that HUD acted arbitrarily and capriciously and in an abuse of discretion. In count II of the Complaint, plaintiff asserts that HUD breached the HAP Contract with plaintiff by failing to provide a notice of default, the opportunity to cure deficiencies and reinspection of the Normandy Apartments. The relief requested by plaintiff in its complaint is a temporary and permanent injunction "against defendants' attempts to terminate Housing Assistance Payments to Normandy on the basis of the November 2004, and August 2006, inspection scores and reports," Complaint at p.16, and a declaratory judgment that HUD's decision to abate Housing Assistance Payments and to terminate the HAP Contract was arbitrary, capricious, an abuse of discretion; a violation of HUD regulations and procedures; unsupported by adequate evidence; and a clear and direct breach of the HAP Contract with plaintiff. Id. Plaintiff also seeks a declaratory judgment that plaintiff is permitted to continue receiving Housing Assistance Payments as provided in its contracts until such time as HUD,

in compliance with applicable regulations and procedures, validly determines that plaintiff has defaulted on any of its material obligations. Id.

Plaintiff's claims arise out of a contract with the government and are for breach of that contract and breach of regulations covering and relating to that contract, the latter of which plaintiff could not even assert if it did not have a HAP Contract with HUD. Hence, plaintiff's claims are founded upon an express contract with the United States and on regulations of an executive department. *See* 28 U.S.C. § 1491. Although the relief sought in the complaint is couched as injunctive and declaratory relief, what plaintiff really seeks is HUD's specific performance of the HAP Contract, specifically payment of the Housing Assistance Payments thereunder. In other words, what plaintiff is really seeking is money from the federal government, that is, the stream of Section 8 Housing Assistance Payments allegedly due under the HAP Contract. Although the relief sought is prospective in nature rather than retroactive money damages for a past breach, by its complaint for injunctive and declaratory relief plaintiff seeks no nonmonetary relief which has "'considerable value' apart from the claim for monetary relief." Burkins v. United States, 112 F.3d 444, 449 (10th Cir. 1997); Halle v. United States, 124 F.3d 216, 1997 WL 545584 at *1 (10th Cir. Sept. 4, 1997) (No. 96-8081). *But cf.* Fletcher v. United States, 160 Fed. Appx. 792, 795-96 (10th Cir. Dec. 29, 2005) (No. 04-5112) (plaintiff's claims for breach of trust and a violation of the Fifth Amendment Takings Clause did not relate to a government contract and did not seek money damages but enforcement of the government's statutory obligation, which happened to be the payment of royalties, i.e., money).

The amount of money plaintiff seeks by virtue of the injunctive and declaratory relief the Court finds amounts to $109,575.00 per month in HAP funds from HUD. Exhibit "A" to Exhibit "3" to Affidavit of R.C. Cunningham (Appendix 1 to plaintiff's motion for preliminary injunction); Exhibit "13" to Cunningham Affidavit at p. 3. This amount exceeds the threshold of $10,000 which applies to Tucker Act cases. Thus, the court concludes that it lacks subject matter jurisdiction over this case and that jurisdiction over this case lies exclusively in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491.

Although plaintiff alleges and argues that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, specifically 5 U.S.C. § 702, waives defendants' sovereign immunity herein, the Tenth Circuit has now eliminated previously existing vagaries in Tenth Circuit case law on how a claim for declaratory or injunctive relief seeking prospective performance of the government's obligation to pay money under a contract should be characterized for purposes of determining whether a district court or the Court of Federal Claims has jurisdiction. *See* Robbins v. U.S. Bureau of Land Management, 438 F.3d 1074, 1080-1083 (10th Cir. 2006). In Robbins, the Tenth Circuit joined other circuits holding that the APA does not waive sovereign immunity for claims that arise out of a contract and that seek specific performance of the contract as relief. Robbins v. U.S. Bureau of Land Management, 438 F.3d at 1082. The Tenth Circuit held that

> [T]he Tucker and Little Tucker Acts "impliedly forbid" [within the meaning of 5 U.S.C. § 702] federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government, and that the APA thus does not waive sovereign immunity for such claims.

Robbins v. U.S. Bureau of Land Management, 438 F.3d at 1082 (footnote omitted). In light of this authority, the court concludes that jurisdiction is not proper in this court, hence requiring denial of the motion of preliminary injunction.

## Preliminary injunction - merits

The court's disposition of the jurisdictional question is, of course, determinative of whether a preliminary injunction (or any other relief) may properly issue from this court. However, as the jurisdictional issues are complex and the court's view of the merits may become pertinent in the event of appellate or other proceedings in this case, the court deems it appropriate to address briefly the merits of plaintiff's request for a preliminary injunction.

Even if the various jurisdictional issues were resolved in plaintiff's favor, the court concludes the necessary prerequisites for a preliminary injunction are not present here. To warrant issuance of a preliminary injunction, the moving party must establish: (1) it will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction might cause the opposing party, (3) that the injunction, if issued, will not be contrary to the public interest, and (4) that it has a substantial likelihood of success on the merits. Oklahoma ex rel. Oklahoma Tax Comm'n. v. International Registration Plan, 455 F.3d 1107 (10th Cir. 2006). Where the first three requirements are

met, a modified, less stringent, test as to the "success on the merits" element may apply. Davis v. Mineta, 302 F.3d 1104, 1101 (10th Cir. 2002).

With respect to the requirement for proof of irreparable injury, plaintiff's contention is that if the revenue stream from HUD is cut off, then plaintiff will be unable to make its mortgage payments, will default on that mortgage, and potentially be forced into bankruptcy. The court concludes plaintiff's evidence fell short of any such showing. Apart from a general statement about default or bankruptcy by its general partner, Mr. Cunningham, there was little or no evidence offered as to the financial condition of plaintiff. There was no specific evidence as to plaintiff's net worth or of its ability to sustain itself without the HAP payments. The evidence established that plaintiff's monthly mortgage payments are roughly $27,000 (Plaintiff's hearing Exhibit 28) and that, even absent the HAP payment, plaintiff will receive a portion of its usual income in the form of vouchers issued directly to its tenants by HUD. The evidence suggested that there is substantial equity in the property.[1] Further, the evidence indicated that the general partner of plaintiff, Mr. Cunningham, has substantial financial resources as well.[2] While the economic consequences to plaintiff from a cutoff of

---

[1]*The pending sale contract with Summit Asset Management, LLC, is for $8,000,000. Plaintiff's hearing Exhibit 29. The mortgage debt against the property is something less than $4,000,000 (Plaintiff's hearing Exhibit 28; note given in 2002.) Mr. Cunningham indicated there was also other debt related to financing of the windows being installed in the premises.*

[2]*There was some dispute as to whether Mr. Cunningham is a general partner of plaintiff. However, the purchase contract with Summit clearly identifies Mr. Cunningham as its general partner. Plaintiff's hearing Exhibit 29.*

the HAP funding will no doubt be substantial, the court is unpersuaded that the sort of irreparable injury contemplated by the preliminary injunction standard will occur.

In making the determination of irreparable injury, there is no specific formula to use. The court must consider, among other things, whether money damages would provide an adequate remedy for any violation a plaintiff ultimately makes out. <u>Prairie Band of Pottawatomi Indians v. Pierce</u>, 253 F.3d 1234, 1250 (10th Cir. 2001). Here, the potential loss to plaintiff appears to be two types: the loss of monthly revenues it would ordinarily receive from payments under the HAP contract and the consequential losses it might suffer if the pending contract for sale of the facility falls through due to loss of HUD funding. Although the latter amount in particular may be substantial, both types of loss are compensable with money damages.

Given the nature of plaintiff's potential losses and the proof as to its overall financial circumstances, the court concludes plaintiff has not established the necessary irreparable injury. The evidence was likely sufficient to establish the other elements under the applicable standards, but a more detailed discussion of those elements is unnecessary in light of the absence of a showing of irreparable injury and the court's disposition of the jurisdictional issues.

In sum, plaintiff has not established the necessary basis for issuance of a preliminary injunction even if the jurisdictional questions were resolved in its favor.

<u>Disposition</u>

In light of this court's conclusions as to the jurisdictional issues, the court would ordinarily dismiss or transfer the case *sua sponte*. However, this case is regularly assigned to another judge of this court and, due to the unavailability of that judge, was transferred to the undersigned only for disposition of the motion for preliminary injunction [Doc. #11]. In this circumstance, the court concludes the pending motion for preliminary injunction [Doc. #6] should be and is **DENIED**. Any further determinations as to the case are the prerogative of the regularly assigned judge.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE